**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**


| | | |
|---|---|---|
| **ROBERT JEAN, ET AL.,** | ) | **CASE NO.1:04CV1904** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **THE STANLEY WORKS, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

<u>**CHRISTOPHER A. BOYKO, J:**</u>

This matter is before the Court on Defendant The Stanley Works' ("Stanley") Motion to Compel Arbitration and Dismiss Plaintiff's First Amended Complaint as to Certain Plaintiffs (ECF Dkt #32). For the following reasons, the Court grants, in part, Defendant's Motion.

Plaintiffs' First Amended Complaint alleges the arbitration clause contained in the distributor agreements of ninety-three of the named Plaintiffs is unconscionable. In paragraph 168 of Plaintiffs' First Amended Complaint, Plaintiffs allege no explanation of arbitration was offered to potential distributors at orientation. Plaintiff further contends, the sheer volume of business Stanley sends to JAMS, the designated arbitrator in the arbitration clause, raises questions of bias. The arbitration agreement does not disclose the costs of arbitration.

1

Mediation is regularly held in New York which costs are generally too expensive for distributors to pay.  The arbitration procedures of JAMS limit discovery and the number of depositions.  Stanley chose the applicable law governing arbitration.  Finally, the arbitration clause deprives Plaintiffs of their right to punitive damages, attorneys' fees and other substantive rights afforded Plaintiffs under Ohio law.  Plaintiffs further contend Defendant's Motion is premature and relies on evidence inappropriate for a Motion to Dismiss.

Defendant contends its Motion to Compel is not brought as a  Federal Rule of Civil Procedure 12(b)(6) Motion to Dismiss but is brought pursuant to the Federal Arbitration Act and extrinsic evidence is permitted on a Motion to Compel Arbitration.

## Standard of Review

It is a well-established rule that any doubts regarding arbitrability should be resolved in favor of arbitration. *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983). In addition, the Supreme Court has held that the Federal Arbitration Act preempts state laws and policies regarding arbitration. *Southland Corp. v. Keating,* 465 U.S. 1, 10-11 (1984). The Federal Arbitration Act ("FAA") provides that arbitration clauses in commercial contracts "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. §2.  "The Supreme Court has interpreted this phrase to mean that only claims for fraudulent inducement of the arbitration clause itself may be heard by a court."  *Prima Paint Corp. v. Flood & Conklin Mfg.,* 388 U.S. 395, 403-404 (1967). Claims that a party was fraudulently induced into entering a contract, absent a claim that the particular arbitration clause was fraudulently induced, are appropriately addressed in arbitration. See *Arnold v Arnold Corp.,* 920 F.2d 1269, 1278 (6th Cir. 1990).  "[S]tate law governs 'generally

applicable contract defenses to an arbitration clause, such as fraud, duress, or unconscionability.'" *Great Earth Companies, Inc. v. Simons,* 288 F.3d 878, 889 (6th Cir. 2002) quoting *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 687 (1996).

If a court determines the cause of action is covered by an arbitration clause, it must stay the proceedings until the arbitration process is complete. 9 U.S.C. §3. When asked by a party to compel arbitration under a contract, a federal court must determine whether the parties agreed to arbitrate the dispute at issue. *See Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.,* 473 U.S. 614, 626 (1985). Courts must examine the language of the contract in light of the strong federal policy in favor of arbitration. *I*d. Likewise, any ambiguities in the contract or doubts as to the parties' intentions should be resolved in favor of arbitration. *Id* Under the statute, a district court must make a number of threshold determinations before compelling arbitration:  when considering a motion to stay proceedings and compel arbitration under the Act, a court has four tasks: first, it must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration. *See Compuserve, Inc. v. Vigny Int'l Finance, Ltd.,* 760 F.Supp. 1273, 1278 (S.D.Ohio 1990).

## **Analysis**

First and foremost, the parties do not contest the Federal Arbitration Act governs. Plaintiffs attack the enforceability of the arbitration agreements on the grounds they are unconscionable/unenforceable.  The Court recognizes and will analyze this Motion as brought

under the Federal Arbitration Act and not as a Motion to Dismiss.  As this District Court has held, "[t]he Court should therefore consider facts in the light most favorable to the Plaintiff when determining whether a valid and enforceable arbitration agreement exists and exercise its wide discretion" to look beyond the complaint at pleadings and documents submitted by either party." *Anderson v. Delta Funding Corp.,* 316 F. Supp.2d 554, 558 (N.D. Ohio 2004) citing  *State Auto Fin. Acquisition Corp. v. State Auto. Mut. Ins. Co.,* No. C2-03-751, 2003 WL 22502355, at *2 (S.D.Ohio Oct.15, 2003).   An arbitration clause is presumptively valid and it is plaintiffs' burden to demonstrate the arbitration clause is invalid or unenforceable.  See *Pritchard v. Dent Wizard International Corp.,* 275 F. Supp.2d 903, 918 (S.D. Ohio 2003), 9 U.S.C. §2.  Therefore, the Court has considered extrinsic evidence that goes to the validity and enforceability of the arbitration clause.

## Fraud in the Inducement

Plaintiffs' Amended Complaint contends the distributor agreements are voidable as Plaintiffs' were fraudulently induced into signing them.  As this Court has stated, fraud in the inducement of the contract as a whole must be determined by the arbitrator when a valid arbitration clause exists.  The Court may hear and rule on claims Plaintiffs were fraudulently induced into agreeing to arbitrate. Plaintiffs' do not contend the arbitration clause itself was fraudulently induced.  On the contrary, Plaintiffs have expressly disavowed they are challenging the enforceability of the arbitration clause on grounds of fraudulent inducement.  "As set forth above, Plaintiffs are relying on unconscionability, not fraud-in-the-inducement, to attack the arbitration requirement."  (Plaintiffs Memorandum in Opposition to Motion to Compel Arbitration pg. 15.)

4

**Unconscionability**

In Ohio, "the unconscionability doctrine embodies, therefore, two separate components: '(1) substantive unconscionability, *i.e.,* unfair and unreasonable contract terms, and (2) procedural unconscionability, *i.e.,* individualized circumstances surrounding each of the parties to a contract such that no voluntary meeting of the minds was possible.'" *Rickard v. Teynor's Homes, Inc.,* 279 F. Supp.2d 910, 915 (N.D. Ohio 2003)*, quoting Jeffrey Mining Prods. L.P. v. Left Fork Mining Co.,* 143 Ohio App.3d 708, 758 N.E.2d 1173 (2001). "Both elements must be present to find a contract unconscionable." *Id.*

**Procedural Unconscionability**

On May 3, 2005, this Court granted Plaintiffs' Motion for Leave to File Evidence of Unconscionability of Arbitration Agreement. Plaintiffs then filed twenty-seven affidavits attesting to the procedural unconscionability of the arbitration clauses. The Court notes the majority of named plaintiffs with arbitration clauses failed to offer evidence of unconscionability.

"In determining procedural unconscionability, Ohio courts look to 'factors bearing on the relative bargaining position of the contracting parties, including their age, education, intelligence, business acumen and experience, relative bargaining power, who drafted the contract, whether the terms were explained to the weaker party, and whether alterations in the printed terms were possible.'" *Morrison v. Cicuit City Stores, Inc.,* 317 F.3d 646, 666 (6th Cir. 2003) quoting *Cross v. Carnes,* 132 Ohio App.3d 157 (1998). "The crucial question is whether 'each party to the contract, considering his obvious education or lack of it, [had] a reasonable opportunity to understand the terms of the contract, or were the important terms hidden in a maze

5

of fine print ⋯?' " *Morrision* at 666 citing *Ohio Univ. Bd. of Trs. v. Smith,* 132 Ohio App.3d 211 (1999).

As a threshold matter, those named plaintiffs who have failed to submit evidence of procedural unconscionability (i.e. those who failed to submit affidavits), have failed to meet their burden of showing unconscionability of the arbitration clause and this Court Orders their claims to arbitration for resolution of their disputes.  However, the Court will stay the Order of Arbitration pending a determination of the enforceability of those arbitration clauses that require only a legal determination and are not dependent on a factual determination.(i.e. limitation of remedies clause, limitation of time to bring a claim, severability.) Furthermore, after compelling arbitration of those Plaintiffs who have not offered evidence of unconscionability, and after this Court makes a determination on the enforceability of the terms of the arbitration clauses, their claims shall be dismissed as all their claims are referable to arbitration. "Under § 3 of the FAA, if any separate claim is referable to arbitration, then a stay of proceedings on the remaining claims is mandatory. However, litigation in which all claims are referred to arbitration may be dismissed." *Hensel v. Cargill,* No. 99-3199, 1999 WL 993775 *4 (6th Cir. Oct. 19, 1999), citing *Alford v. Dean Witter Reynolds Inc.,* 975 F.2d 1161, 1164 (5th Cir.1992).

For those Plaintiffs who have submitted affidavit evidence of unconscionability, the Court Orders an evidentiary hearing to be conducted by the Magistrate Judge for Report and Recommendation on whether the arbitration clauses at issue are unconscionable and the terms unenforceable.  The evidentiary hearing shall be limited in scope to the subject of the affiants affidavit testimony.  The Magistrate Judge shall also hear oral arguments on the substantive unconscionability/unenforceability of those arbitration clauses that involve questions of law

6

and not of fact (i.e. limitation of remedies clause, limitation of time to bring a claim, severability).  The arguments shall be limited to those raised in the parties briefs.  The evidentiary hearing shall be conducted within sixty days of the filing of this Order.

IT IS SO ORDERED.


August 28, 2006                              s/Christopher A. Boyko                                    
Date                                          CHRISTOPHER A. BOYKO
                                             United States District Judge