FILED

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

2007 APR -2 PM 11: 55

CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF OHIO
CLEVELAND

| | | |
|---|---|---|
| Robert Jean, et al., | : | Case No. 1:04CV1904 |
| Plaintiffs | : | Judge Christopher Boyko |
| v. | : | Magistrate Judge David S. Perelman |
| The Stanley Works, et al., | : | **MEMORANDUM OPINION AND ORDER** |
| Defendants | : | |

Now before this Court is defendant's motion for a protective order, the focus of which is a single paragraph in a proposed stipulated order governing discovery materials in this action. The dispute between the parties which has given rise to this motion pertains to the interplay between this litigation in which the claims of no less than ten current/former distributors of Stanley will be heard and arbitrations in which parallel claims of other distributors may be heard.[1]

Defendant's motion seeks an order which would preclude the use of any discovery generated in this action in the arbitrations, proposing that the court require that the following provision be incorporated into the protective order:

> Any and all Discovery material shall only be used in the above-captioned Action (and any mediation thereof) and shall not be used, nor the fact that such material exists be disclosed, in any other litigation, arbitration or mediation or for any other purpose.

Plaintiffs oppose this limitation, and request that the court incorporate the following

---

[1] Which claims will be heard in each forum depends upon whether this Court's recommended resolution of defendants' motion to compel arbitration is adopted by Judge Boyko.

AO 72A
(Rev. 8/82)

provision into the protective order:

> Any and all discovery Material shall only be used for purposes of litigation, arbitration and mediation in which Stanley is a party, and for no other purposes.

As is obvious from the terms of plaintiffs' proposal, this provision would open the door for all discovery generated in this litigation to be used in the arbitrations (and in any other disputes, pending or future, in which Stanley would be a party), and defendant responds to plaintiffs' position essentially arguing that it is a device to circumvent the limitations on discovery under Rule 17 of JAMS Rules and Procedure, which will apply to any arbitrations. That rule provides:

> **Rule 17. Exchange of information.**
> (a) The Parties shall cooperate in good faith in the voluntary, prompt and informal exchange of all non-privileged documents and other information relevant to the dispute or claim immediately after commencement of the Arbitration.
>
> (b) The Parties shall complete an initial exchange of all relevant, non-privileged documents, including, without limitation, copies of all documents in their possession or control on which they rely in support of their positions, names of individuals whom they may call as witenesses at the Arbitration Hearing, and names of all experts who may be called to testify at the Arbitration Hearing, together with each expert's report that may be introduced at the Arbitration Hearing, within twenty-one (21) calendar days after all pleadings or notice of claims have been received. The Arbitrator may modify these obligations at the Preliminary Conference.
>
> (c) Each Party may take one deposition of an opposing Party or of one individual under the control of the opposing Party. The Parties shall attempt to agree on the time, location and duration of the deposition, and if the Parties do not agree these issues shall be determined by the Arbitrator. The necessity of additional depositions shall be determined by the Arbitrator based upon the reasonable need for the requested information, the availability of other discovery options and the burdensomeness of the request on the opposing Parties and the witness.

2

(d) As they become aware of new documents or information, including experts who may be called upon to testify, all Parties continue to be obligated to provide relevant, non-privileged documents, to supplement their identification of witnesses and experts and to honor any informal agreements or understandings between the parties regarding documents or information to be exchanged. Documents that have not been previously exchanged, or witnesses and experts not previously identified, may not be considered by the Arbitrator at the Hearing, unless agreed by the Parties or upon a showing of good cause.

(e) The Parties shall promptly notify the Case Manager when an unresolved dispute exists regarding discovery issues. The Case Manager shall arrange a conference with the Arbitrator, either by telephone or in person, and the Arbitrator shall decide the dispute. With the written consent of all parties, and in accordance with an agreed written procedure, the Arbitrator may appoint a special master to assist in resolving a discovery dispute.

This Court is not satisfied with the position of either party.

While this Court agrees with defendant's stance that plaintiffs should not have *carte blanche* to utilize all discovery from this action in the arbitrations, this Court does not believe that the total prohibition sought by defendant is appropriate.

Certainly, plaintiffs' counsel, who will be representing the plaintiffs whose claims would be heard in each forum, should be entitled to use discovery generated in this action for defensive purposes in an arbitration. As an example, if a defense witness was to testify at the arbitration in a manner inconsistent with testimony given in a deposition in this litigation simple justice demands that counsel be allowed to use the deposition for the purpose of impeachment. The same might be true of inconsistencies between proffered testimony on behalf of the defendant and sworn interrogatories responses by the defendant.

Further, this Court believes that the ban proposed by defendant is inconsistent with the terms

3

of JAMS Rule 17, or at the least would require an exercise in reinventing the wheel in the arbitration, in that discovery materials generated in this litigation (by either party) may well come within the ambit of the requirement of Rule 17(a) that the parties promptly engage in an informal exchange of all documents and other information relevant to the dispute or claim and/or the requirement of Rule 17(b) regarding the exchange of documents including expert reports. It would also make no sense to require a party whose deposition had been taken in this litigation to be redeposed for the purpose of an arbitration, and could infringe upon the arbitrator's discretion under Rule 17(c). This Court can envision an arbitrator deciding to accept for the purpose of an arbitration a deposition taken in this litigation if he/she believed it was another discovery option which obviated a request to take an additional deposition in the context of the arbitration.

Having rejected the proposals of both counsel, this Court will afford them a ten day window to agree upon a provision for the stipulated order consistent with the thoughts expressed herein, in which case the stipulated order can be submitted to Judge Boyko for signature. In what this Court hopes is the unlikely event that they are unable to do so, they shall so notify this Court no later than April 13, 2007, and this Court will craft a provision to be incorporated into that order.[2]

**IT IS SO ORDERED**

DAVID S. PERELMAN
United States Magistrate Judge

DATE: April 2, 2007

---

[2] While this Court will leave it to counsel to undertake this project, this Court would suggest that a provision which called for either party intending to utilize in an arbitration discovery material generated in this action to give notice of the intention to do so, the opportunity for the averse party to note an objection, and for the arbitrator to resolve the dispute if the parties, after good faith consultation were unable to do so, might be appropriate.