**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROBERT JEAN, ET AL.,** | ) | **CASE NO.1:04CV1904** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| Vs. | ) | |
| | ) | |
| **THE STANLEY WORKS, ET AL.,** | ) | **OPINION AND ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Plaintiffs' Objections to the Report and Recommendation of the Magistrate Judge recommending Defendant's Motion to Compel Arbitration be granted. For the following reasons, this Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation.

The Court will briefly summarize the facts of this case which have been more exhaustively discussed in prior Court decisions. Plaintiffs drive Mac tool trucks and sell Mac tools to mechanics, service stations, garages and dealerships. Mac Tools is a division of The Stanley Works. According to Plaintiffs' Complaint, Plaintiffs buy the tools from Stanley at prices that approximate retail prices then sell them to end users at twenty-five to thirty-five

1

percent markup.  Plaintiffs allege Stanley's business model dooms distributors to failure while realizing profits for Stanley.  In fact, Plaintiffs allege Stanley earns greater profits when distributors fail than when they succeed.  Plaintiffs allege Stanley makes money by selling distributors tools at large markups, knowing distributors will be unable to resell the tools at profitable prices to end users.  Mac then buys back the tools at a discounted rate and resells the tools, resulting in large profits for Mac at the expense of the distributor.

## Procedural Posture

Plaintiffs' First Amended Complaint alleges state law class action claims brought on behalf of Mac distributors.  While the majority of the one hundred and three identified putative class members have arbitration clauses in their distributor agreements, ten identified Plaintiffs have distributor agreements that do not contain arbitration clauses. These ten Plaintiffs were not subject to the Motion to Compel Arbitration.   Of the remaining ninety-three identified Plaintiffs who have arbitration clauses in their distributor agreements, only twenty-seven provided evidence of unconscionablity when given an opportunity to produce such evidence by the Court. The Court determined those who did not provide evidence of unconscionabilty must arbitrate their disputes in accordance with the arbitration clauses contained in their agreements.  The Court stayed arbitration pending an evidentiary hearing and Report and Recommendation by the Magistrate Judge on those twenty-seven Plaintiffs who provided affidavits in support of unconscionability along with arguments on the unenforceability of the arbitration clauses.

## STANDARD OF REVIEW

A District Judge shall make a *de novo* determination of those portions of the Magistrate's Report and Recommendation to which objection is made. 28 U.S.C. § 636(b)(1). A District

Judge may accept, reject, or modify, in whole or in part, the recommendations made by the Magistrate Judge. *Id.* "Any party that desires plenary consideration by the Article III judge...need only ask." *Thomas v. Arn*, 474 U.S. 140, 154 (1985).  Plaintiffs timely filed their Objections, entitling them to a *de novo* review of their Objections to the Magistrate Judge's recommendations.

### **The Magistrate Judge's Report and Recommendation and Plaintiffs' Objections**

The Magistrate Judge determined nineteen Plaintiffs who did not appear before him failed to offer evidence of procedural unconscionability and the Magistrate Judge recommends they be sent to arbitration.  Furthermore, the Magistrate Judge found that a one-year limitation clause in the arbitration agreement for bringing an action did not violate Ohio law and was not unconscionable.   The Magistrate Judge also found that a cost-splitting clause in an arbitration agreement was not substantively unconscionable and found Plaintiffs failed to present evidence of Judicial and Mediation Services ("JAMS") arbitrators' partiality.  The Magistrate Judge also determined Plaintiffs had failed to show the JAMS rules and procedures were substantively unconscionable, as they afford the arbitrator discretion to allow discovery upon a showing of need.  Also, the Magistrate Judge held the enforceability of a waiver/ limitation of damages clause contained in the arbitration clause was within the arbitrator's purview, not the court's. The Magistrate Judge held there was no procedural unconscionability because all Plaintiffs had the opportunity to read the agreements before signing, none were told they could not read it and none asked to take it home or asked for assistance.  Lastly, the Magistrate Judge found there was no procedural unconscionability due to inequitable bargaining positions.

**Plaintiffs' Objections**

Plaintiffs timely filed Objections to the Magistrate Judge's Report and Recommendations. Plaintiffs Objections are as follows:

1) The one-year limitations period for bringing an action on a contract conflicts with the fifteen-year statute of limitation under Ohio contract law.

2) Defendant failed to disclose its relationship with JAMS, the cost-splitting requirement in the arbitration agreement and the discovery limitations.

3) The Magistrate Judge's Report and Recommendation ignored evidence of procedural unconscionability.

4) The Magistrate Judge's ruling incorrectly limited applicable Ohio law to consumer actions alone and the Magistrate Judge erred in applying Ohio law on unconscionability rather than the less restrictive standard relating to impairment of rights.

**LAW and ANALYSIS**

**One-Year Limitation Period for Bringing an Action**

As this Court has previously held and the parties do not dispute, both federal and Ohio law strongly favor arbitrating disputes. "Ohio's strong policy favoring arbitration is consistent with federal law supporting arbitration." *Taylor Building Corporation of America v. Benfield,* (2008) 117 Ohio St.3d 352, 357 fn 1. Therefore, the Court's analysis must comport with this strong presumption. The Court has previously determined, and the parties have not contested, the Federal Arbitration Act 9 U.S.C. §1 *et seq.* applies to the arbitration clause at issue. This Court looks to state law for "generally applicable contract defenses to an arbitration clause, such

4

as fraud, duress, or unconscionability." *Great Earth Companies, Inc. v. Simons,* 288 F.3d 878,889 (6th Cir. 2002) quoting *Doctor's Associates, Inc. v. Casarotto,* 517 U.S. 681, 687 (1996).

Plaintiffs contend a one-year limitation for bringing an action, pursuant to the arbitration clause, conflicts with Ohio's fifteen-year statute of limitation for bringing an action on a contract. While Plaintiffs are correct that Ohio law permits an action on a contract to be brought within fifteen years, Ohio law permits parties to contract for a shorter limitation period. "In Ohio, the statutory limitation period for a written contract is 15 years. R.C. 2305.06. However, the parties to a contract may validly limit the time for bringing an action on a contract to a period that is shorter than the general statute of limitations for a written contract, as long as the shorter period is a reasonable one." *Sarmiento v. Grange Mutual Cas. Co.,* (2005) 106 Ohio St.3d 403, 405, citing *Miller v. Progressive,* (1994) 69 Ohio St.3d 619, 624. As the *Sarmiento* opinion makes clear, Ohio permits contract parties to limit the time to bring an action to something less than fifteen years, so long as it is reasonable. As Plaintiffs make no objection based on the unreasonableness of a one-year limitation in a commercial arbitration agreement, this Court finds no statutory violation and finds such a limitation is not unconscionable.

**Failure to Disclose JAMS Relationship, Discovery Limitation and Cost-Splitting Provision**

Plaintiffs contend Defendant's failure to disclose its relationship with the arbitration service JAMS, along with the limited discovery permitted under JAMS rules and the requirement that the parties to arbitration split the costs, all warrant a finding of unenforceability. The Magistrate Judge held Plaintiffs had failed to submit any evidence of the JAMS arbitrators' partiality. Furthermore, the Magistrate Judge determined JAMS rules permit additional depositions and discovery upon a showing of reasonable need. Without showing this

5

discretionary function of the arbitrator is routinely not applied, the Magistrate Judge determined Plaintiffs had failed to demonstrate the JAMS Rules and procedures rendered the arbitration clauses substantively unconscionable.  Finally, the Magistrate Judge found Plaintiffs failed to produce evidence that the cost-splitting provision in the arbitration clause rendered it unconscionable.

The Court finds Plaintiffs have not objected to the Magistrate Judge's ruling that Defendant's failed to produce evidence of partiality of JAMS arbitrators.  Therefore, the Court finds the Magistrate Judge's factual finding of no evidence of partiality is uncontested and the Court adopts his recommendation of no substantive unconscionability.

Furthermore, the Court adopts the Magistrate Judge's holding that discovery limitations and the discretionary nature of the arbitrator's authority to allow additional discovery also remains unchallenged as to the Magistrate Judge's fact-finding, to wit:  Plaintiffs failed to offer evidence the arbitrator routinely failed to allow additional discovery as needed.  Without such a showing, this Court finds the Magistrate Judge correctly applied Ohio law and adopts his finding.

Finally, the Court holds Plaintiffs have failed to object to the Magistrate Judge's finding that Plaintiffs produced no evidence the cost-splitting clause of the arbitration agreement was unconscionable. *Benfield,* at 365 ("the lack of evidence before the trial court of excessively high arbitration costs undercuts Benfields claim that arbitration costs would be prohibitively expensive.") The Ohio Supreme Court held a cost-splitting clause in an arbitration agreement enforceable due to a lack of evidence of prohibitive costs similar to the case before this Court.  Furthermore, the Plaintiffs do not object to the Magistrate Judge's finding that Plaintiffs

6

produced no evidence to show the costs of arbitration would be prohibitive. The Court finds Plaintiffs did not object to the Magistrate Judge's findings and therefore, the Court accepts and adopts the Magistrate Judge's finding that the cost-splitting clause of the arbitration agreement was not unconscionable.

The Court has previously held Ohio law requires a finding of substantive unconscionability *and* procedural unconscionability in order to find an arbitration clause unconscionable. Because the Magistrate Judge found no substantive unconscionability and the Court agrees and adopts his findings, the Court need not proceed with a review of the Magistrate Judge's findings of no procedural unconscionability because the arbitration clause cannot be found to be unconscionable under Ohio law.

**The Arbitration Clause unlawfully limits Plaintiffs' Remedial Statutory Remedies**

Plaintiffs contend the Magistrate Judge improperly analyzed offending arbitration provisions under an unconscionability standard as opposed to an impairment of rights standard. The Magistrate Judge determined, and this Court agrees, that the case law cited by Plaintiffs was limited in scope to consumer sales cases. The Court has not been presented with any binding case law requiring it to strike a clause in an arbitration agreement that conflicts with remedial statutory rights in non-consumer cases. In addition, even if this Court were to find the law requires such a determination, Plaintiffs have not produced any case law before this Court holding it is the Court's and not the arbitrator's, purview to make such a determination. Therefore, the Court finds the arbitration agreement is not unenforceable due to fraud, duress or unconscionability and the requirements of 9 U.S.C. §4 have been satisfied, therefore, any remaining challenges to the arbitration clause are within the purview of the arbitrator.

7

Finally, the Court directed the Magistrate Judge to make a Report and Recommendation on Plaintiffs' claim that the arbitration agreement was unconscionable and/or unenforceable. Having heard the evidence and arguments on unconscionability and unenforceability and considering the Magistrate Judge's recommendation, the Court agrees the arbitration clause is not unconscionable.  As Plaintiffs have expressly disavowed any fraud in the inducement of the arbitration agreement and reserved their attack upon the unconscionability of the arbitration clause itself, the Court finds no grounds for invalidating the arbitration clause.  "The court shall hear the parties, and upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement."  9 U.S.C. §4.  Because this Court's role is limited in its review to attacks on the arbitration clause itself, to wit: fraud, duress and unconscionability, failure to find any merit to these claims compels this Court to order arbitration.

As this Court previously held on a Motion to Compel arbitration, the Court, "must determine whether the parties agreed to arbitrate; second, it must determine the scope of that agreement; third, if federal statutory claims are asserted, it must consider whether Congress intended those claims to be nonarbitrable; and fourth, if the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Compuserve, Inc., v. Vigny Int'l Finance Ltd.,* 760 F. Supp. 1273, 1278 (S.D. Ohio 1990).

The Court first finds the parties have agreed to arbitrate their disputes.  Second, the Court finds the broad nature of the arbitration clause covers all claims encompassed in Plaintiffs'

8

Amended Complaint.  Third, there are no federal statutory claims asserted by Plaintiffs.  With respect to the fourth prong of this Court's analysis, there are ten remianing Plaintiffs whose agreements did not contain arbitration clauses.

Therefore, the Court orders further briefing on the posture of the case with respect to those ten Plaintiffs either staying or proceeding with the remaining claims.  The parties shall submit cross briefs not to exceed ten pages on proposed case management schedules and any unresolved  issues regarding the remaining ten plaintiffs and their claims.

Therefore, the Court ACCEPTS and ADOPTS the Magistrate Judge's Report and Recommendation finding the arbitration clause was not unconscionable under Ohio law.  The Court further orders all named Plaintiffs with arbitration agreements to arbitration for resolution of their disputes. The parties shall submit cross-briefs on remaining issues no later than fourteen days from the date this Opinion and Order is filed.

    IT IS SO ORDERED.


07/14/08                                                      s/Christopher A. Boyko
Date                                                          CHRISTOPHER A. BOYKO
                                                               United States District Judge