# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| ROBERT JEAN, et al. ) | CASE NO. 1:04 CV 1904 |
| ) | |
| Plaintiffs, ) | JUDGE CHRISTOPHER A. BOYKO |
| ) | |
| v. ) | |
| ) | |
| THE STANLEY WORKS, et al. ) | |
| ) | |
| Defendants. ) | |

## STIPULATED PROTECTIVE ORDER

Defendant The Stanley Works ("Stanley) and Plaintiffs Vince Bainter, Jerry Mead, Harlan Grantham, Rick Williams, Stan Schwartz, Fidel (Pepe) Tallet, Rob Love, Joe Zolo, Robert Jean, and Kenny Hankins ("10 Plaintiffs") hereby stipulate and agree, and the Court orders, as follows:

1. This Stipulation and Order governs the handling of all material ("Discovery Material") that is produced by either party in the above-captioned Action pursuant to the Federal Rules of Civil Procedure, including documents, depositions (including third-party depositions), deposition exhibits, interrogatory answers, responses to requests to admit and other written, recorded, videocorded, graphic matter or other media on which information may be recorded or from which information may be obtained.

2. Any and all Discovery Material shall only be used in the above-captioned Action (and any mediation thereof) and shall not be used, nor the fact that such material exists be disclosed, in any other litigation, arbitration, mediation or for any other purpose.

3. Any party to this Action may designate Discovery Material produced by any other party to this lawsuit or by any non-party, and containing information that is commercially sensitive, proprietary, trade secret, or otherwise confidential, as "Confidential" ("Confidential discovery material"). Any party or non-party producing Discovery Material to a party to this Action which contains or discloses any information of a non-public nature considered by a party or non-party to be commercially sensitive, proprietary, trade secret, or otherwise confidential may also designate such Discovery Material as "Confidential" (also "Confidential discovery material"). The producing party may use a single confidential notice with respect to a file, binder, folder, box, or any other container to designate all or any portions of the Discovery Material, and the information contained therein, within the container as confidential for purposes of this Stipulation and Order.

4. The producing party may, on the record of the deposition or by written notice to counsel for all parties no later than thirty (30) days after receipt of a videotape or transcript of a deposition, designate all or any portions thereof as confidential under the terms of this Stipulation and Order. Prior to any such designation, during the thirty (30) day period (including any extensions of the period to which counsel for the parties agree ), all transcripts and videotapes and the information contained therein will be deemed to be confidential in their entirety under the terms of this Stipulation and Order. Thereafter, only those portions of a videotape or transcript of a deposition designated confidential shall be so treated.

2

5. Under no circumstances, other than those specifically provided for in this or subsequent court orders, shall confidential Discovery Material be disclosed to persons other than the following:

    a. Outside or inside counsel for the parties, and

        (i) regular and temporary employees of such counsel assisting in the conduct of the above-captioned litigation between the parties, including without limitation paralegals, legal secretaries, law clerks, shorthand reporters, and

        (ii) employees of any firm retained by such counsel to reproduce the Discovery Material in accordance with this Stipulation and Order, and

        (iii) employees of any firm retained for computer entry or computer processing of discovery material for use in accordance with this Stipulation and Order;

    b. Experts or consultants, and their employees, retained for the purpose of assisting in the preparation of the above-captioned litigation between the parties;

    c. Any party to this Action, their corporate parents, affiliates, and subsidiaries, and any of their directors, officers, employees, and agents;

    d. Witnesses and potential witnesses and their counsel, provided that no confidential discovery material shall be left in the possession of such persons;

    e. An independent court reporter, and the reporter's employee, retained by any party for the purpose of reporting and transcribing any discovery or testimony in this case, whether by shorthand, videotape, or other means;

3

  f. The Court and its personnel;

  g. Other persons only upon order of the Court, or upon stipulation by the party that designated the confidential Discovery Material.

 6. Except for those persons identified in Paragraphs 4(e) and 4(f), any disclosure shall be made upon the condition that said materials shall be used by such person only for the purposes of litigating the above-captioned Action and for no other purpose, and shall not be used by him or her in any business affairs or in his or her own affairs or for the benefit of any other person or be disclosed by him or her to any other person. Before disclosure is made to any third party identified in 4(b) and (d), such person shall sign a CONSENT TO JURISDICTION AND AGREEMENT TO BE BOUND in the form of Attachment A stating that he or she has read a copy of this Protective Order, agrees to be bound by its provisions, and consents to the jurisdiction of this Court to enforce it.

 7. Each person given access to confidential discovery material or information derived therefrom shall be advised by the person giving access that the material or information is being disclosed pursuant to and subject to the terms of this Stipulation and Order and may not be used or disclosed other than pursuant to the terms hereof.

 8. This Stipulation and Order has no effect upon, and its scope shall not extend to, any party's or non-party's use or disclosure of its own confidential information.

 9. Upon conclusion of litigation between the parties, all confidential Discovery Materials produced by the parties and non-parties and all copies thereof shall be returned upon request to the producing party or non-party or such Discovery Material shall be certified as having been destroyed. A party or non-party is not required to destroy its own confidential Discovery Material.

10. It is further agreed and ordered that if a producing party discovers that a document has been inadvertently produced, formally or informally, which the producing party believes is subject to the attorney-client privilege or the protections of the attorney work product doctrine or other privilege, the producing party shall so advise each person and/or entity who received such a document (hereinafter "Discovering Party") within 30 days of the date of production. Each Discovering Party who is so notified of this inadvertent production shall return the document and all copies thereof to the producing party. In such event, the Discovering Party further shall also certify to the producing party that it has destroyed all notes and other records of the substance of the document. Such inadvertent production does not constitute a knowing or voluntary waiver of the attorney-client privilege or the protections of the attorney work product doctrine, or any other privilege.

11. Producing or receiving materials or entering into, agreeing to or otherwise complying with the terms of this Stipulation and Order shall not:

    a. Operate as an admission by any party that any particular Discovery Material contains or reflects trade secrets, proprietary or commercial information or other confidential matter; or

    b. Prejudice in any way the rights of any party to object in this proceeding to the production of Discovery Materials he or she considers not subject to discovery; or

    c. Prejudice in any way the rights of a party to seek a court determination as to;

        (i) whether particular Discovery Materials should be produced; or

5

(ii) if produced, whether such material should be subject to the terms of this Stipulation and Order;

d. Prejudice in any way the rights of a party to apply to the Court for a further protective order relating to any confidential information or a protective order on any other grounds.

12. The provisions of this Stipulation and Order shall survive the termination of this Action.

---

Andre F. Toce, Sr. (La. #16769; TX #795900)
*Andre'@toce.com*
Joseph Arshawsky (MN #679; CA#135891)
*joe@toce.com*
Toce Firm
P.O. Box 6982
Miramar Beach, Florida 32550
(850) 424-6135 (telephone)
(866) 306-9336 (facsimile)

Thomas S. Kilbane (0005938)
*tkilbane@ssd.com*
Joseph C. Weinstein (0023504)
*jweinstein@ssd.com*
Steven A. Friedman (0060001)
*sfriedman@ssd.com*
SQUIRE, SANDERS & DEMPSEY L.L.P.
4900 Key Tower
127 Public Square
Cleveland, Ohio 44114-1304
(216) 479-8500 (telephone)
(216) 479-8780 (facsimile)

---

Elwood C. Stevens, Jr. (La. #12459)
*attyecs@aol.com*
Law Offices of Elwood C. Stevens
1205 Victor II Blvd.
Morgan City, LA 70381-2626
(985) 384-8611 (telephone)
(985) 385-4861 (fax)
Attorneys for Plaintiffs

Attorneys for Defendant
The Stanley Works

IT IS SO ORDERED:

nunc pro tunc
Dated: September 28, 2007

s/Christopher A. Boyko
JUDGE CHRISTOPHER A. BOYKO

6

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

ROBERT JEAN, et al.           )   CASE NO. 1:04 CV 1904
                              )
        Plaintiffs,           )   JUDGE CHRISTOPHER A. BOYKO
                              )
    v.                        )
                              )
THE STANLEY WORKS, et al.     )
                              )
        Defendants.           )

CONSENT TO JURISDICTION AND AGREEMENT TO BE BOUND BY
STIPULATION AND PROTECTIVE ORDER GOVERNING
CONFIDENTIAL INFORMATION AND INADVERTENT PRODUCTION
OF PRIVILEGED DOCUMENTS

_____ states:

That he or she resides at _____ in the City/County of _____ and State of _____.

That he or she has read the Stipulation and Protective Order Governing Confidential Information dated _____ in the case <u>Robert Jean, et al. v. The Stanley Works</u>, United States District Court for the Northern District of Ohio, Case No. 1:04cv1904.

That he or she is familiar with, understands and agrees to comply with and to be bound by the terms of said Stipulation and Protective Order; and

That he or she will not disclose Confidential Discovery Materials to persons other than those specifically authorized by said Order and will not use any Discovery Materials for purposes other than for the above captioned litigation.

That he or she consents to venue and to the personal and subject matter jurisdiction of the District Court for the Northern District of Ohio to enforce this Order, to punish disobedience of this Order, to interpret this Order, and to decide all issues involving this Order, even if he or she is outside the State of Ohio.

_____
Signature