UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **ROBERT JEAN, ET AL.,** | ) | CASE NO.1:04CV1904 |
| | ) | |
| Plaintiff, | ) | JUDGE CHRISTOPHER A. BOYKO |
| | ) | |
| Vs. | ) | |
| | ) | |
| **THE STANLEY WORKS, ET AL.,** | ) | ORDER |
| | ) | |
| Defendant. | ) | |

**CHRISTOPHER A. BOYKO, J:**

      This matter is before the Court on Plaintiffs' Motion for Protective Order or to Sever and Stay (ECF #123).  For the following reasons, the Court denies Plaintiffs' Motion. Furthermore, the Court will hold in abeyance a determination on class certification and will entertain dispositive motions after completion of discovery pursuant to *Miami University Wrestling Club, et al., v. Miami University, et al.,* 302 F.3d 608, 616 (6th Cir. 2002).  Lastly, the Court modifies its Order of August 28, 2006 (ECF #99) by staying the litigation as to the ninety-three Plaintiffs ordered to arbitration rather than dismissing those claims, as the Federal Arbitration Act 9 U.S.C. §3, Supreme Court and Sixth Circuit precedent permits dismissal only in cases where all claims are ordered to arbitration.

      Plaintiffs move the Court for a protective order from discovery until such time as the

Court determines whether to certify a class.  The Court declines the invitation to initially address class certification in light of its finding that arbitration clauses govern the claims of ninety-three of the named Plaintiffs and dispositive motions on the remaining claims are appropriate.  The Sixth Circuit has expressly stated, "we have consistently held that a district court is not required to rule on a motion for class certification before ruling on the merits of the case." *Miami University Wrestling Club, et al., v. Miami University, et al.,* 302 F.3d 608, 616 (6th Cir. 2002).  Therefore, the Court finds a discovery period of sixty days is sufficient to determine the viability of Plaintiffs' remaining claims.  In light of the age of this case, the discovery that has already been completed, and the Court's prior meetings with counsel, the Court will forego a case management conference and instead orders discovery pursuant to its authority under Fed. R. Civ. P. 26.  Parties shall complete discovery by March 23, 2009, file dispositive motions no later than April 23, 2009, Briefs in Opposition by May 26, 2009, and Reply briefs by June 5, 2009.

The Court denies Plaintiffs' Motion to Sever the claims of the remaining non-class representative Plaintiffs but may revisit the issue, if necessary, after it rules on dispositive motions.

Therefore, the Court stays the litigation as to the ninety-three named Plaintiffs ordered to arbitration.  The Court orders discovery and dispositive motions by the dates set above and further orders the parties to submit status reports every forty-five days on the arbitration proceedings ordered by the Court.  Plaintiffs' Motion for Protective Order is denied as moot in light of the above discovery schedule and the Court denies Plaintiffs' Motion to Sever.

IT IS SO ORDERED.

                                        S/Christopher A. Boyko
                                        CHRISTOPHER A. BOYKO
                                        United States District Judge

January 23, 2009